```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


JOHN P. WILLIAMS,                §
TDCJ-CID NO. 712408,             §
                                 §
            Plaintiff,           §
                                 §
v.                               §     CIVIL ACTION NO. H-08-0259
                                 §
CERTAIN INDIVIDUAL EMPLOYEES     §
OF THE TEXAS DEPARTMENT OF       §
CRIMINAL JUSTICE, et al.,        §
                                 §
            Defendants.          §
```

## MEMORANDUM OPINION AND ORDER

John P. Williams, a TDCJ inmate, has filed suit against TDCJ officials and has alleged that he was denied treatment, including anesthetic drugs, on or about May 19, 2006, at the TDCJ Jester III Unit, despite being in severe pain after having undergone a recent leg amputation. The defendants have filed a Motion for Summary Judgment, with supporting evidence, arguing that this action should be dismissed because of Williams' failure to exhaust his TDCJ administrative grievance remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Docket Entry No. 21). Williams has filed Plaintiff's Response to Defendants' Motion for Summary Judgment (Docket Entry No. 23) opposing defendants' motion contending that he did file grievances and has pointed out evidence in the record in support of his argument. After reviewing the pleadings and evidence, the court has

determined that the defendants' motion for summary judgment should be denied.

### I. The Parties' Arguments and Supporting Evidence

The defendants contend that Williams did not properly exhaust his administrative remedies. In support of this argument they present the following records attached to their motion (Docket Entry No. 21):

- Exhibit A:   Relevant portions of Williams' grievance records from January to December 27, 2006, with Business Records Affidavit
- Exhibit B:   Relevant portions of the TDCJ Inmate Orientation Handbook

The grievance records (Exhibit A) consist of a TDCJ Step 1 Offender Grievance Form and a TDCJ Step 2 Offender Grievance Form filed by Williams on May 18 and August 11, 2006, respectively. The grievances concern Williams' replacement dentures. Defendants infer that the grievance demonstrates that Williams was aware of the grievance procedure at TDCJ. They also contend that Williams acknowledges in his complaint and in his more definite statement that he did not complete the grievance process and that he attempts to circumvent the grievance exhaustion requirement by arguing that his claim is exempt from the grievance process. See Docket Entry No. 21 at 2.

In his response Williams disputes the defendants' assertion that he acknowledged his failure to exhaust available remedies. See Docket Entry No. 23 at 5. He asserts that another inmate, at

Williams' direction, filed grievances concerning Williams' leg for him while Williams was in a hospital room, but that his grievances went unanswered. See Docket Entry No. 23 at 5-6. Williams further contends that many grievances go unanswered or are interfered with by prison officials. Id. In support of his allegation that a grievance was filed Williams refers to his Amended Complaint, which includes a sworn affidavit in which Williams states that he was placed in the hospital portion of Jester III's infirmary. Docket Entry No. 5 at 4. He states that he had to rely on other inmates to bring, deliver, and mail his correspondence, including grievance forms and sick call requests. Id. Williams specifically states that his Step 1 grievance was filed on May 31, 2006, and that no response was made. He also states that his Step 2 grievance was filed on July 19, 2006, and that no response was made to that grievance. Id.

Williams contends that he complied with the TDCJ grievance procedures but that he was thwarted by officials who have prevented him from producing evidence showing that the process had been affirmatively exhausted. See Docket Entry No. 23 at 13. He argues that the defendants are not entitled to summary judgment due to the lack of evidence in the record.

## II. Analysis

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When determining whether a fact issue exists the court must review the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co., 336 F.3d 410, 412 (5th Cir. 2003). In doing so the court cannot make credibility determinations or weigh the evidence. Id. In the present action the defendants have the burden of presenting evidence in support of their argument that there is no triable issue regarding Williams' failure to exhaust. See Curtis v. Timberlake, 436 F.3d 709, 711 (7th Cir. 2005) (reversal of § 1997e(a) summary judgment).

Before a prisoner can present a claim in federal court he must first exhaust prison administrative remedies that are available to him. 42 U.S.C. § 1997e. This applies to all aspects of prison life. Porter v. Nussle, 122 S.Ct. 983, 992 (2002). The purpose of section 1997e(a) is to filter out baseless claims and to allow custodial officials to respond to legitimate complaints without burdening the courts. Id. at 988. See also Woodford v. Ngo, 126 S.Ct. 2378, 2388 (2006). A prisoner cannot sidestep the exhaustion requirement by arguing that the procedures are inadequate. Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003).

The TDCJ system has a two-step grievance procedure, which must be completed in order to satisfy section 1997e. Powe v.

Ennis, 177 F.3d 393, 394 (5th Cir. 1999). The TDCJ Offender Handbook outlines the necessary steps. Docket Entry No. 21, Exhibit B at 3. If an inmate has a complaint, he has 15 days from the date of the alleged infraction to file a Step 1 grievance with the Unit Grievance Investigator. Id. The inmate must then wait up to 40 days for a response. If the response is not satisfactory, the inmate must then file a Step 2 grievance within 15 days and wait another 35 days for a response. Id. See also Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004) ("The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level."). To exhaust, a prisoner must pursue a grievance through both steps in compliance with all procedures. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding has expired. Powe, 177 F.3d at 394.

Williams does not argue that these procedures are inadequate. He alleges that he has complied with the procedures to the best of his ability. A prisoner cannot rely on a disability to circumvent the exhaustion requirement. See Ferrington v. La. Dep't of Corrs., 315 F.3d 529, 532 (5th Cir. 2002) (rejecting a claim of exhaustion based on plaintiff's alleged blindness). Although he had recently endured an amputation, Williams does not claim that this prevented

him from filing his grievance.  Instead, he asserts that another inmate filed his grievance for him while he was incapacitated.

Failure to exhaust is an affirmative defense in a prisoner civil rights action, but state prisoners are "not required to specifically plead or demonstrate exhaustion in their complaints." Johnson v. Mississippi Department of Corrections, 244 Fed. Appx. 554, 555 (5th Cir. 2007), citing Jones v. Bock, 127 S.Ct. 910, 921 (2007).  Contrary to the defendants' assertions, the court does not find a clear admission in Williams' pleadings that he failed to utilize the grievance process available to him.  In his affidavit (Docket Entry No. 5 at 4), which was filed prior to the defendants' motion for summary judgment, Williams states that the Step 1 grievance was filed May 31, 2006, less than 15 days after the alleged denial of medical attention on May 19, 2006.  Williams states that after having received no response he filed his Step 2 grievance on July 19, 2006.  Such a filing would have been 40 days after the filing of the Step 1 grievance and after allowing the defendants the allotted time to file a response.  It would also be within the 15-day period in which Williams would have been required to file a Step 2 grievance in compliance with the TDCJ procedures. Consequently, Williams presents evidence that he exhausted his administrative remedies.  See Powe, 177 F.3d at 394.

The defendants' reliance on the absence of any grievance in their own records does not automatically entitle them to a judgment as a matter of law.  See Liner v. Goord, 310 F.Supp.2d 550, 553

-6-

(W.D.N.Y. 2004). Although Williams' affidavit is potentially self-serving, the affidavit is competent evidence that presents a triable issue regarding exhaustion of prison administrative remedies. Id.; Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006). The court therefore concludes that the defendants' motion for summary judgment should be denied. Curtis, 436 F.3d at 711. See also Dale v. Lappin, 376 F.3d 652 (7th Cir. 2004); Maragalia v. Maloney, 499 F.Supp.2d 93 (D. Mass. 2007).

The question of whether this action is subject to dismissal may be reconsidered after the court has had an opportunity to examine Williams' medical records. The defendants must file a motion for summary judgment or other dispositive motion no later than December 1, 2008. If the defendants file a motion for summary judgment under FED. R. CIV. P. 56, they shall also submit a business records affidavit along with copies of all documents relevant to the plaintiff's claims. If the defendants have determined that a dispositive motion is inappropriate because they believe that this cause of action requires a trial, they are **ORDERED** to file an advisory with the court no later than December 1, 2008.

If the defendants file a motion for summary judgment or other dispositive motion, Williams is **ORDERED** to file a response within thirty (30) days of the date the defendants mailed Williams his copy of the motion, as shown on the defendants' certificate of service. Williams' failure to file a response within thirty days

-7-

shall result in dismissal of this action for want of prosecution under Rule 41(b), FED.R.CIV.P.

### III. Motion for Court-Appointed Counsel

Williams has moved for court-appointed counsel and alleges that counsel is necessary due to his physical disabilities and limited resources as a prisoner.  In general, there is no right to a court-appointed attorney in section 1983 cases.  Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  The court will deny the motion (Docket Entry No. 22) because the allegations and issues in the complaint have not proven to be beyond Williams' capabilities at this stage in the proceedings.  See Ulmer, 691 F.2d at 212.  The court may reconsider whether appointment of counsel is necessary at a later time.

### IV. Conclusion

The court **ORDERS** the following:

1. Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Docket Entry No. 21) is **DENIED.**

2. Plaintiff's Second Motion for Appointment of Legal Counsel, Payment of Attorney Fees and First Original Motion for Expert Witness Fees Pursuant to 42 U.S.C. § 1988(a),(b),(c) (Docket Entry No. 22) is **DENIED.**

3. Plaintiff's Request for Entry of Default (Docket Entry No. 13) is **DENIED.**

-8-

4.  The defendants shall file a dispositive motion and the plaintiff shall file a response pursuant to the terms of this Memorandum Opinion and Order.

**SIGNED** at Houston, Texas, on this 30th day of October, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE